UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARL L. LOCKETT,

      Plaintiff,

v.                                              Case No. 6:06-cv-1179-Orl-31KRS

FIFTH DISTRICT COURT OF APPEAL
FOR THE STATE OF FLORIDA, *et al.*,

      Defendants.

_____

## ORDER DISMISSING ACTION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a hand-written document titled "Federal Habeas Corpus Civil-Right Complaint."  (Doc. No. 1).  This Court then entered two Orders permitting Plaintiff to pursue *either* a civil rights action *or* a habeas corpus action, and providing Plaintiff with the appropriate forms for each.  (Doc. Nos. 4 & 7).  Pursuant to this Court's Orders, Plaintiff filed an Amended Complaint on October 16, 2006.  (Doc. No. 8).  Pursuant to 28 U.S.C. § 1915A(b)(1) and 1915(e), the Court must review Plaintiff's complaint to determine whether it should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636  F.2d 986, 988 (5th Cir. 1981).

## I.   Legal Standards

A prisoner complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12 (b)(6) is not automatically frivolous.

*Id*. at 328.   Section 1915(e) dismissals should only be ordered when the legal theories are indisputably meritless, or when the claims rely on factual allegations which are clearly baseless.  *Id.* at 327;  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In any 42 U.S.C. § 1983[1] cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present.   "A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992);  *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).  In addition, to establish liability under 42 U.S.C. § 1983, a plaintiff must allege an affirmative causal connection between each defendant's conduct and the constitutional deprivation.  *Swint v. City of Wadley, Alabama*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

## II.    Analysis

### A.    The Complaint

Plaintiff's Refiled Complaint names two defendants: (1) the Fifth District Court of Appeal for the State of Florida;  and (2) Charlie Crist, Jr., the former Attorney General of the State of Florida.  *Id.*  Plaintiff alleges that his First, Fifth, and Fourteenth Amendments rights to freedom of speech, access to the courts, and the right to petition the government for the redress of grievances were violated because his appeal of a post-conviction proceeding was dismissed and he was

---

[1]Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . [or] suit in equity."  42 U.S.C. § 1983.

precluded from filing additional *pro se* actions in state court. *Id.* at 8. Plaintiff requests: (1) a declaratory judgment that "the Fifth District Court of Appeal for the State of Florida violates due process of law by blocking Plaintiff's right to access courts;" (2) that this Court grant "interlocutory appeal" and "certification of the three questions submitted to the state district court of appeal;" (3) $150,000.00 in compensatory damages "based on emotional distress and mental anguish;" and (4) $1,500,000.00 in punitive damages. *Id.* at 10 & 25-26.

In support of his claims, Petitioner alleges the following facts:

1. After a succession of post conviction and/or motions collaterally attacking Plaintiff's sentence as being illegal, the plaintiff was procedurally barred by the Circuit Court of the 18th Judicial Circuit in Brevard County Florida from filing any further pro se motions in case no. 05-1991-cf-007133-AXXX-XX . . . .

2. Subsequent thereto, plaintiff hired private counsel . . . to file [an] illegal sentence motion allegeding [sic] an illegal sentence on May 16, 2005, asserting judicial vindictiveness.

3. On February 16, 2006, the Circuit Court in Brevard County, Florida, recognized the procedural bar of plaintiff's pro se filing, but summarily denied private counsel's illegal sentence motion that alleged judicial vindictiveness, a claim never before raised.

4. Private counsel, on February 24, 2006, withdrew as representative and plaintiff filed for an appeal to the Defendant Fifth District Court of Appeal.

5. On June 1, 2006, the Defendant dismissed the appeal sua sponte, by citing a previous appellate decision rendered in plaintiff's case under *Lockett v. State*, 769 So. 2d 1141 (Fla. 5th DCA 2000) . . . that procedurally barred Plaintiff from filing pro se motions.

6. That the order of the defendant stated in paragraph 5 violates the constitutional rights of the plaintiff in that the order blocks plaintiff's access to the courts for appellate review as his lower court filing was not pro se, but one of a private attorney.

7. Plaintiff, in the state courts, can only be procedurally barred if his motions to the lower courts are filed pro se.

(Doc. No. 8 at 8-9).

**B.     Claims Against Charles Crist**

Based upon the foregoing, Plaintiff has not satisfied his burden to allege state action by Defendant Charles Crist.  Aside from naming Mr. Crist as a defendant, Plaintiff's refiled complaint includes no allegations regarding him whatsoever.  Accordingly, any claims against Defendant Charles Crist are dismissed as frivolous.

**C.     Claims for Compensatory and Punitive Damages**

Plaintiff's claims for compensatory and punitive damages against the Fifth District Court of Appeal for the State of Florida also must be dismissed. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . .  This immunity applies even when the judge is accused of acting maliciously and corruptly."  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'  This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.").  Here, the actions of which Plaintiff complains involve the conduct of judicial proceedings – specifically, the dismissal of his appeal. (Doc. No. 8 at ¶5).  Because the Defendant court enjoys absolute immunity from monetary damages, Plaintiff's claims for compensatory and punitive damages must be dismissed as frivolous.

**D.     Mandamus Claims**

Plaintiff requests that this Court "grant interlocutory appeal" and "certification of the three questions submitted to the state district court of appeal." (Doc. No. 8 at 25).  It appears that this

4

prayer for relief relates to Petitioner's claim that the Fifth District Court of Appeal for the State of Florida violated his constitutional rights by dismissing sua sponte his appeal of an order denying his action for post-conviction relief.   Thus, Plaintiff is actually requesting that this Court issue a writ of mandamus requiring the Defendant court to accept his interlocutory appeal and certification of the state district court of appeal.  This Court is without jurisdiction to grant such relief.  *See* Fed. R. Civ. P. 81(b) (abolishing actions for writs of mandamus);[2] *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971) (affirming dismissal of action requesting district court to order state court to act upon plaintiff's petition for writ of habeas corpus and holding that " federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties");  *Andujar v. Crosby*, Case No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006) ("It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.").  Accordingly, Plaintiff's mandamus claims are dismissed as frivolous.

**E.    Declaratory Judgment Claim**

Plaintiff's remaining claim is for declaratory relief.   Specifically, Plaintiff requests "declaratory judgment that [the] Fifth District Court of Appeal for [the] State of Florida violates due process of law by blocking Plaintiff's right to access to courts under Act. I, Section 21 of the Florida Constitution."  (Doc. No. 8 at 10).  This claim for relief is not cognizable under Section 1983 because it seeks validation of Plaintiff's right under state law -- not Plaintiff's "rights, privileges, or

---

[2]Although 28 U.S.C. § 1361 provides that federal district courts shall have jurisdiction of any action in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," the statute does not permit any action in the nature of mandamus against a state court.

immunities secured by the Constitution or laws of the United States." *See Harvey*, 949 F.2d at 1130.

Accordingly, Plaintiff's claim for declaratory relief also is dismissed as frivolous.

### III.   Conclusion

Therefore, it is now **ORDERED AND ADJUDGED:**

1.      Each of the claims set forth in Plaintiff's Refiled Complaint (Doc. No. 8) are frivolous;  thus,  this case is hereby **DISMISSED AS FRIVOLOUS**.

2.      The Clerk of the Court shall enter judgment accordingly and shall close this case.

**DONE AND ORDERED** at Orlando, Florida, this 16th day of March, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 3/15
Earl L. Lockett